## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

EZEQUIEL RIVERA, JR.,

                Plaintiff,

v.

SEDGWICK CLAIMS
MANAGEMENT SERVICES,
ACE FIRE UNDERWRITERS
INSURANCE COMPANY,
NESTLE USA INC.,

                Defendants.

Case No. 24-cv-3247 (LMP/SGE)

**ORDER DISMISSING CASE**

---

Ezequiel Rivera Jr., pro se Plaintiff.

Mack H. Reed, **Lewis Brisbois Bisgaard & Smith LLP, Minneapolis, MN**, for Defendant Sedgewick Claims Management Services.

Amanda Elisabeth Teske and Joel T. Wiegert, **Hinshaw & Culbertson LLP, Minneapolis, MN**, for Defendant Ace Fire Underwriters Insurance Company.

Jennifer A. Nodes, **Jackson Lewis, P.C., Minneapolis, MN**, and Michaela Utrup and Tony H. McGrath, **Jackson Lewis P.C., Madison, WI**, for Defendant Nestle USA Inc.


      Plaintiff Ezequiel Rivera has filed his fourth lawsuit in a third jurisdiction asserting claims relating to an injury he suffered while working at Defendant Nestle USA Inc.'s ("Nestle") production facility in Wisconsin. *See generally Rivera v. Nestle USA Inc.*, No. 1:24-cv-00691-WCG, ECF No. 1 (E.D. Wis. June 3, 2024); *Rivera v. ACE Fire Underwriters Ins. Co.*, No. 24-cv-2610, ECF No. 1 (E.D. Pa. June 13, 2024); *Rivera v. Nestle USA Inc.*, No. 23-cv-01431-WCG, ECF No. 1 (E.D. Wis. Oct. 27, 2023). Although

the complaints and the precise causes of actions differ, the gist remains the same: Rivera

believes Nestle and Defendants Ace Fire Underwriters Insurance Company ("Ace") and

Sedgwick Claims Management Services, Inc. ("Sedgwick") (collectively "Defendants"),

conspired to deny him benefits after the workplace injury. *See generally* ECF No. 1 at 1–

7.

In the present complaint, Rivera alleges seven causes of action arising under

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et. seq.*, the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* ECF No. 1 at 6–7.

Ace and Sedgwick move to dismiss, ECF Nos. 18 and 41, and Nestle moves for judgment

on the pleadings, ECF No. 71. Each argues that Rivera fails to state a claim and that venue

is not proper in the District of Minnesota. ECF No. 21 at 10–19; ECF No. 42 at 8–18; ECF

No. 73 at 5–19. Because Rivera fails to state an ERISA claim, and this Court is otherwise

an improper venue for Rivera's ADA and Title VII claims, the Court grants Defendants'

motions.

## BACKGROUND[1]

Nestle hired Rivera in August 2022 to work in its Little Chute, Wisconsin facility.

ECF No. 29 at 1. On February 26, 2023, Rivera got into a fight with another employee and

---

[1]      The following factual background is gathered from Rivera's complaint, as well his
other various responsive filings and pleadings, and helpful decisions from the Eastern
District of Wisconsin and the Eastern District of Pennsylvania. Although the complaint
itself contains very little in the way of factual background, the Court can piece together his
allegations through Rivera's other filings. That said, Rivera at times urges the Court to

sustained a workplace injury to his knee, which required hospital care. *Id.* On March 3, 2023, Nestle terminated Rivera for "fighting." *Id.* Rivera allegedly sought worker's compensation benefits. ECF No. 1 at 9. He alleges that, in the ensuing months and years, Nestle "and its insurance carriers" conspired to deny him required medical care and deprived him of benefits he was due as a result of the injury. *See generally* ECF No. 1 at 3–7. Although Rivera does not explain the precise relationship between Nestle, Ace, and Sedgwick, Ace explains that "Ace is Nestle's worker's compensation insurer and Sedgwick manages claims for" Ace on behalf of Nestle. ECF No. 21 at 4; *see also Rivera v. Ace Fire Underwriters Ins. Co.*, No. 24-cv-2610, 2024 WL 3403137, at *1 (E.D. Pa. July 11, 2024) (hereinafter "*Rivera III*") (noting that Nestle is Rivera's "former employer," Ace is Nestle's "worker's compensation insurance carrier," and Sedgwick is Ace's "insurance agent").

This is not Rivera's first lawsuit. He first filed suit against Nestle in the U.S. District Court for the Eastern District of Wisconsin on October 27, 2023, asserting claims against Nestle of "national origin discrimination in violation of Title VII" and alleging that the discrimination came in the form of "a hostile work environment, unlawful pay and promotion practices, retaliation, and unlawful termination." *Rivera v. Nestle USA Inc.*, No. 23-cv-1431, 2025 WL 578480, at *1 (E.D. Wis. Feb. 21, 2025) (hereinafter "*Rivera I*").

---

discern his claims from the mountains of exhibits he has filed. This the Court will not do. While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); *see also Quintero Cmty. Ass'n Inc. v. FDIC*, 792 F.3d 1002, 1009 (8th Cir. 2015) (explaining that courts "will not mine a [lengthy] complaint searching for nuggets that might refute obvious pleading deficiencies").

That case ended on February 21, 2025, when the court granted summary judgment to Nestle because some of Rivera's claims were meritless and he failed to exhaust others before the Equal Employment Opportunity Commission. *Id.* at *2–4.

While that litigation was pending, Rivera filed a second lawsuit in the U.S. District Court for the Eastern District of Wisconsin. In that case, Rivera added Sedgwick and Ace as defendants and alleged (1) fraud; (2) bad faith; (3) intentional infliction of emotional distress; (4) violations of the Wisconsin Worker's Compensation Act; and (5) retaliation. *See Rivera v. Nestle USA Inc.*, No. 1:24-cv-00691-WCG, ECF No. 4 at 3 (E.D. Wis. June 5, 2024) (hereinafter "*Rivera II*"). The court dismissed the complaint for lack of subject-matter jurisdiction during initial screening on June 5, 2024, because Rivera had not alleged a federal cause of action. *Id.* at 3–4.

Eight days after his second lawsuit was dismissed, and during the pendency of his first lawsuit, Rivera filed suit in the Eastern District of Pennsylvania. This suit was almost identical to *Rivera II*, in that Rivera named Nestle, Ace, and Sedgwick, and brought causes of action for (1) fraud; (2) bad faith; (3) intentional infliction of emotional distress; (4) violations of the Wisconsin Worker's Compensation Act; and (5) retaliation under Title VII. *Rivera III*, 2024 WL 3403137, at *1. This time, Rivera specified that the retaliation claim was a federal claim under Title VII. *Id.* The court dismissed the complaint during initial screening on July 11, 2024, finding that it had no subject-matter jurisdiction to consider Rivera's state-law claims because they all "target[ed] Defendants' handling of his worker's compensation claim" and that he had failed to exhaust them in accordance with Wisconsin law. *Id.* at *2–3. The court further found that the Eastern District of

Pennsylvania was not a proper venue for Rivera's Title VII claim because a Title VII claim must be brought in (1) a judicial district in the state where the allegedly unlawful employment practice was committed, (2) a judicial district in the state where the relevant employment records are maintained and administered, or (3) the judicial district where the claimant "would have worked but for the alleged unlawful employment practice." *Id.* at *4 (quoting 42 U.S.C. § 2000e-5(f)(3)). Pennsylvania satisfied none of those criteria.

On August 12, 2024, seeking yet another venue to air his grievances, Rivera filed this action in the District of Minnesota. Rivera asserts causes of action against Nestle, Ace, and Sedgwick, as he did in his previous two lawsuits. But in this complaint, Rivera has abandoned (at least in name) any state-law causes of action and now premises all his claims on federal statutes. In total, he brings seven claims for relief.

First, Rivera alleges one claim based solely on ERISA, asserting that Nestle "refused to cover [his] knee surgery and prematurely ended his medical treatment." ECF No. 1 at 4. This is based on Rivera's belief that an April 27, 2023 decision by Nestle "and their insurance carriers" to deny him surgery was not based on medical grounds but was instead based on retaliation. ECF No. 29 at 3.

Next, Rivera asserts two Title VII claims against Nestle. ECF No. 1 at 4, 6. First, Rivera alleges that Nestle terminated him in "retaliation for reporting discrimination and taking medical leave." *Id.* at 4. He claims to have reported racial discrimination to Nestle in November 2022, and again shortly after the "fighting" incident that led to his knee injury. ECF No. 29 at 1; ECF No. 48 at 4–5. Second, Rivera asserts that Nestle retaliated against him by refusing to pay for necessary surgeries. ECF No. 1 at 6. Although he does not

specifically explain the basis for the alleged retaliation, the Court assumes it is also for making reports of racial discrimination.  ECF No. 48 at 4–5.

Finally, Rivera asserts four claims arising under either the ADA or ERISA.  The first alleges only a violation of the ADA based on Rivera's belief that Defendants delayed worker's compensation benefits which he was due.  ECF No. 1 at 4.  His remaining three claims are premised on violations of both the ADA and ERISA, alleging that Defendants conducted a "biased medical examination" on January 23, 2024, an "unjustified examination" on April 19, 2024, and provided an erroneous "PPD" rating against medical advice on April 30, 2024.  *Id.* at 5.

Ace and Sedgwick now move to dismiss, ECF Nos. 18 and 41, and Nestle moves for judgment on the pleadings, ECF No. 71.  In response, Rivera has filed briefs, as well as two motions to strike Nestle's answer, ECF Nos. 47 and 48, a motion for leave to file a sur-reply to Ace's motion to dismiss, ECF No. 61, a motion for sanctions against Nestle, ECF No. 81, and an application for entry of default against Nestle, ECF No. 89.  Because Rivera fails to plausibly allege an ERISA claim and because this Court is not the proper venue for Rivera's ADA and Title VII claims, the Court grants Defendants' motions, denies Rivera's various motions, and dismisses the complaint.

## ANALYSIS

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted).  The complaint must "state a claim to relief that

6

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are assessed under the same standard as motions to dismiss under Rule 12(b)(6). *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 987 (D. Minn. 2017) (citation omitted). Because Rivera is proceeding pro se, the Court is mindful to liberally construe his filings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

## I.    ERISA Claims

The Court will first address Rivera's purported ERISA claims. Rivera's ERISA claims fail first and foremost because he does not allege the existence of an ERISA plan. There is no allegation that Nestle provided such a plan that Defendants purportedly violated. Rivera alleges only that Nestle "refused to cover [his] knee surgery and prematurely ended his medical treatment," ECF No. 1 at 4, and that all Defendants delayed his worker's compensation benefits and engaged in or caused erroneous medical evaluations, *id.* at 4–5. Without an ERISA plan, Rivera necessarily failed to state a claim.

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (alterations in original) (quoting 29 U.S.C. § 1001(b)). ERISA provides a private cause of

action to an individual "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

But nowhere does Rivera allege that he was covered by an employee benefit plan. "To state a claim under ERISA, a plaintiff must allege and establish the existence of an 'employee benefit plan' that is governed by ERISA." *MacIntyre v. Moore*, 267 F. Supp. 3d 480, 486 (W.D.N.Y. 2017) (citation omitted). Under ERISA, an employee benefit plan is "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . accident [or] death." 29 U.S.C. § 1002(1). "To qualify as a 'plan, fund, or program' under ERISA, a reasonable person must be able to 'ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits.'" *Nw. Airlines, Inc. v. Fed. Ins. Co.*, 32 F.3d 349, 354 (8th Cir. 1994) (citation omitted).

Here, the Court cannot ascertain the intended benefits, source of financing, or procedures for receiving benefits because Rivera provides no allegations that establish the existence of an ERISA-governed plan. Instead, Rivera repeatedly asserts in conclusory fashion that he was entitled to "benefits," ECF No. 1 at 5, that "benefits owed to [him] under an applicable plan were delayed or denied," ECF No. 29 at 6, and that "ERISA governs employer-sponsored benefit plans" and Nestle's "improper denial of medical coverage . . . violate[s] ERISA's fiduciary" provisions, ECF No. 77 at 4. But merely parroting language from the ERISA statute will not suffice. *See Iqbal*, 556 U.S. at 678 (citation omitted) (explaining that courts "are not bound to accept as true a legal conclusion

8

couched as a factual allegation"). That is particularly true here because not all employee benefits are governed by ERISA. *See Nw. Airlines*, 32 F.3d at 354–55.

Indeed, Rivera seems to admit that he does not even know if ERISA governs this case. He claims "[d]iscovery is needed to determine whether the benefits provided by Defendants fall within ERISA's scope." ECF No. 29 at 6. But a plaintiff is not allowed to "plead first and discover later," lest the Court "ultimately encourage meritless suits *in terrorem*." *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, MDL No. 08-1905 (RHK/JSM), 2009 WL 294353, at *2 (D. Minn. Feb. 5, 2009) (citation omitted); *see Iqbal*, 556 U.S. at 686 (explaining that when a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"). Accordingly, because Rivera fails to plead the existence of an ERISA plan which Defendants purportedly violated, the Court dismisses Rivera's ERISA-based claims.

## II.    Lack of Proper Venue

A court must dismiss an action if the court is not a proper venue for the action. Fed. R. Civ. P. 12(b)(3). A defendant who seeks dismissal pursuant to Rule 12(b)(3) "bears the burden of demonstrating that the plaintiff's chosen venue lacks a sufficient connection to the parties' dispute." *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09-cv-720 (RHK/JJG), 2009 WL 1684428, at *2 (D. Minn. June 16, 2009).

Although venue in civil actions is generally governed by 28 U.S.C. § 1391, venue in Title VII and ADA cases is controlled by the specific provisions set forth in 42 U.S.C. § 2000e-5(f)(3). *Standifer v. J.B. Hunt Transp., Inc.*, No. 22-cv-2069-JAR-GEB, 2022 WL 5038198, at *2 (D. Kan. Oct. 4, 2022) ("Title VII and the ADA share an exclusive venue

provision."); *Prosseda v. Windham Grp.*, No. 1:23-23069, 2025 WL 45692, at *2 (D.N.J. Jan. 8, 2025) (citation omitted) (internal quotation marks omitted) ("Venue in actions brought under Title VII or the ADA is governed by specific statutory provisions, which are mandatory and well-settled, thereby rendering other general venue statutes inapplicable."). Section 2000e-5(f)(3) provides that venue for an ADA or Title VII claim is proper (1) in any judicial district in the state where the unlawful employment practice is alleged to have been committed; (2) in the judicial district where the employment records relevant to the alleged unlawful practice are maintained and administered; or (3) in the judicial district where the claimant would have worked but for the alleged unlawful employment practice. In addition, if the respondent is not found within any of the districts described in provisions (1) through (3), the statute "allows the action to be brought in the judicial district where the respondent has its principal office." *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013).

Rivera provides no allegations supporting venue in Minnesota under any of the relevant prongs. Notably, his complaint establishes that he worked for and was terminated from a Nestle plant in Wisconsin. ECF No. 1-1 at 365. This alone establishes not only that venue in Minnesota is improper, but that venue is likely *exclusively* proper in one of Wisconsin's federal districts. *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 13 (D.D.C. 2009) (finding venue proper in district where "plaintiff was physically located" and "was ultimately terminated"); *Prosseda*, 2025 WL 45692, at *3 ("[V]enue is improper when a substantial part, if not all, of the challenged employment practices occurred outside the state.").

10

Nevertheless, Rivera contends that venue in Minnesota is proper first because Sedgwick allegedly has an office here. ECF No. 29 at 4. (Curiously, in one of his earlier lawsuits, Rivera alleged that Sedgwick resided in Tennessee. ECF No. 42 at 4.) But Sedgwick was not Rivera's employer, and Rivera makes no connection between Sedgwick's potential involvement in his worker's compensation benefits process and the unlawful employment practices he argues support his ADA and Title VII claims. Therefore, the fact that Sedgwick has an office in Minnesota does not establish that the unlawful employment practice occurred in Minnesota, employment records relevant to the alleged unlawful practice are in Minnesota, or that Rivera would have worked in Minnesota.

Rivera alternatively contends that venue is proper under 28 U.S.C. § 1391 because Sedgwick "conducts substantial business operations in Minnesota." ECF No. 29 at 6; *see also* ECF No. 61 at 1. But Section 1391 has no relevance here; rather, Section 2000e-5(f)(3) alone governs venue for Title VII and ADA claims. *Standifer*, 2022 WL 5038198, at *2. But none of the challenged employment practices occurred in Minnesota. Therefore, the District of Minnesota is not the proper venue for Rivera's remaining claims. Notably, the Eastern District of Pennsylvania held the same, finding that it was not the correct venue for a Title VII claim because none of the employment practices occurred in Pennsylvania. *Rivera III*, 2024 WL 3403137 at *1 n.2.

When a court determines that it is the improper venue for a claim, it must determine whether to dismiss the action entirely or transfer the case to an appropriate venue. 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss rests within the discretion

of the Court. *See Mohamed v. Robbins*, No. 21-cv-1158 (PJS/TNL), 2021 WL 2476789, at *2 (D. Minn. June 17, 2021). Here, given the clear and fatal pleading defects in Rivera's complaint, transfer makes little sense when doing so would "[keep] the case alive only until the next court looked it over and found it wanting." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997). As noted, Wisconsin seems to be a proper venue for Rivera's allegations. But Rivera has already filed not one but two federal lawsuits in the Eastern District of Wisconsin. Both have been dismissed. It would make little sense to transfer this case there simply for him to pursue yet a third. Indeed, it appears that Rivera, by filing in Pennsylvania and Minnesota, is attempting to outright *avoid* a third dismissal in Wisconsin federal court. Consequently, the Court will not transfer this action but will instead dismiss it entirely.

## III.    Miscellaneous Motions

In response to the Defendants' motions to dismiss his case, Rivera filed a litany of motions, including two motions to strike Nestle's answer, ECF Nos. 47 and 48, a motion for leave to file a sur-reply to Ace's motion to dismiss, ECF No. 61, and a motion for sanctions against Nestle, ECF No. 81. Because the Court concludes that the complaint must be dismissed for failure to state a claim and for lack of venue, the Court will dismiss as moot Rivera's motions to strike Nestle's answer and motion for leave to file a sur-reply. The Court also denies Rivera's application for entry of default against Nestle. ECF No. 89. The Court has also thoroughly reviewed Rivera's motion for sanctions and finds it meritless. The Court will deny that motion, too.

### CONCLUSION

Based upon all of the files, records, and proceedings in the above-captioned matter,

**IT IS ORDERED THAT**:

1.    Ace's Motion to Dismiss (ECF No. 18) is **GRANTED**;

2.    Sedgwick's Motion to Dismiss (ECF No. 41) is **GRANTED**;

3.    Nestle's Motion for Judgment on the Pleadings (ECF No. 71) is **GRANTED**;

4.    Rivera's Motion for Sanctions (ECF No. 81) is **DENIED**;

5.    Rivera's Application for Entry of Default Judgment (ECF No. 89) is **DENIED**;

6.    Rivera's Motions to Strike Nestle's Answer (ECF Nos. 47 and 48) and Motion for Leave to File a Sur-Reply (ECF No. 61) are **DISMISSED as moot**; and

7.    Rivera's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: July 7, 2025                              *s/Laura M. Provinzino*
                                                      Laura M. Provinzino
                                                      United States District Judge