## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

EZEQUIEL RIVERA, JR.,

                Plaintiff,

v.

SEDGWICK CLAIMS
MANAGEMENT SERVICES,
ACE FIRE UNDERWRITERS
INSURANCE COMPANY,
NESTLE USA INC.,

                Defendants.

Case No. 24-cv-3247 (LMP/SGE)

**ORDER DENYING PLAINTIFF'S
MOTION TO DISQUALIFY AND
MOTION TO ALTER OR AMEND
THE JUDGMENT**

On July 7, 2025, the Court dismissed Plaintiff Ezequiel Rivera's complaint without prejudice for failure to state a claim. *See generally* ECF No. 92. Rivera now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), ECF No. 94, and to disqualify this Court pursuant to 28 U.S.C. § 455(a), ECF No. 104. For the reasons that follow, both motions are denied.

### BACKGROUND

On August 12, 2024, Rivera filed a lawsuit against Defendants Nestle USA Inc. ("Nestle"), ACE Fire Underwriters Insurance Company ("ACE") and Sedgwick Claims Management Services ("Sedgwick") (collectively "Defendants"). ECF No. 1. Rivera's complaint generally alleged that the Defendants conspired to deny him benefits after he was injured while working for Nestle. *See generally* ECF No. 1 at 1–7. Rivera alleged that their actions violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000 *et. seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* ECF No. 1 at 6–7.

This was Rivera's fourth lawsuit against Defendants. Rivera first sued Nestle in the U.S. District Court for the Eastern District of Wisconsin on October 27, 2023, asserting similar claims. *Rivera v. Nestle USA Inc.* ("*Rivera I*"), No. 23-cv-1431, 2025 WL 578480, at *1 (E.D. Wis. Feb. 21, 2025). That case ended on February 21, 2025, when the court granted summary judgment to Nestle. *Id.* at *2–4.[1] While that litigation was pending, Rivera filed a second lawsuit in the Eastern District of Wisconsin, this time adding Sedgwick and ACE as defendants. *See Rivera v. Nestle USA Inc.* ("*Rivera II*"), No. 1:24-cv-00691-WCG, ECF No. 4 at 3 (E.D. Wis. June 5, 2024). The court dismissed the complaint for lack of subject-matter jurisdiction on June 5, 2024. *Id.* at 3–4. Rivera then filed a third complaint in the Eastern District of Pennsylvania, which was nearly identical to the complaint in *Rivera II* and was dismissed on initial screening. *Rivera v. ACE Fire Underwriters Ins. Co.* ("*Rivera III*"), No. 24-cv-2610, 2024 WL 3403137, at *1 (E.D. Pa. July 11, 2024).

Rivera's complaint in this case contained, in total, four pages of allegations, which primarily consist of a list of seven causes of action with almost no supporting facts. ECF No. 1 at 4–7. Under each claim, Rivera listed various exhibits purportedly supporting his

---

[1]    The case is currently on appeal to the United States Court of Appeals for the Seventh Circuit, and as of May 8, 2025, was fully briefed. *See Rivera v. Nestle USA, Inc.*, No. 25-1338 (7th Cir. Ct. App. 2025).

claims.  *Id.*  Rivera attached those exhibits, consisting of 365 total pages, to his complaint. *See generally* ECF No. 1-1.

ACE and Sedgwick moved to dismiss his complaint, ECF Nos. 18 and 41, and Nestle moved for judgment on the pleadings, ECF No. 71, after filing an answer, ECF No. 31.  In response, Rivera filed two motions to strike Nestle's answer, ECF Nos. 47–48; a motion for leave to file a sur-reply to ACE's motion to dismiss, ECF No. 61; a motion for sanctions against Nestle, ECF No. 81; and an application for entry of default against Nestle, ECF No. 89.  Relevant here, Rivera's motions to strike Nestle's answer and his motion for sanctions against Nestle were based, in large part, on his belief that Nestle's answer was "submitted by attorneys . . . who were not admitted to practice" in the District of Minnesota.  ECF No. 48 at 2; *see* ECF No. 81 at 3–4; ECF No. 82 at 4.

The Court dismissed Rivera's complaint and denied all of his accompanying motions on July 7, 2025.  ECF No. 92.  In that order, the Court explained that because the complaint contained almost no factual allegations, it had gathered the factual background for Rivera's case from his complaint and his "various responsive filings and pleadings," *id.* at 2 n.1, in accordance with its responsibility to "liberally construe his filings," *id.* at 7 (citing *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024)).  But the Court also noted that Rivera consistently urged the Court to "discern his claims from the mountains of exhibits he has filed," which the Court declined to do because "a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Id.* (first quoting *Samtani v. City of Laredo*,

3

274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); and then citing *Quintero Cmty. Ass'n Inc. v. FDIC*, 792 F.3d 1002, 1009 (8th Cir. 2015)).

Having done its best to discern and to develop the factual background for Rivera's claims, which takes time to do, the Court nevertheless dismissed each one. The Court held that Rivera failed to plead an ERISA claim because he did not allege the existence of an ERISA-governed plan, and that his request for discovery to find an ERISA-governed plan was improper. *Id.* at 7–9. The Court further held that the District of Minnesota was not a proper venue for Rivera's Title VII and ADA claims under 42 U.S.C. § 2000e-5(f)(3). *Id.* at 9–12. Having dismissed all claims, the Court dismissed each of Rivera's other motions as moot or without merit. *Id.* at 12.

The next day, Rivera filed a Rule 59(e) motion for reconsideration. ECF No. 94. In his motion, Rivera asserts that the Court "committed multiple manifest errors of law and fact, failed and disregarded binding precedent," and failed to account for his pro se status. *Id.* at 1; *see also* ECF No. 95. ACE and Sedgwick filed letters in response, asserting that the Court should dismiss the Rule 59(e) motion as improperly filed. ECF Nos. 101, 102. On July 10, 2025, the Court issued an order indicating receipt of Rivera's motion and responses from defendants ACE and Sedgwick. ECF No. 103. Rivera's motion was taken under advisement to be decided on the papers without a hearing. *Id.*

On July 16, 2025, Rivera filed a motion under 28 U.S.C. § 455(a), asking this Court to disqualify itself from any further proceedings.[2] ECF Nos. 104–106. There, Rivera raises as grounds for disqualification (1) an appearance of bias and prejudice against a pro se litigant; (2) systemic procedural inequality; (3) improper commentary on pending cases; (4) improper influence by defense rhetoric; (5) failure to apply liberal standards to pro se pleadings; and (6) delay and inaction. ECF No. 104 at 1–2. Rivera seeks disqualification of the undersigned; that the original dismissal order be vacated; reinstatement of the complaint; full adjudication of ECF Nos. 47, 48, 61, 81, 82, 83, 84, 85, 88, 89; entry of partial default judgment; declaratory judgment; sanctions against defense counsel; consideration of newly discovered evidence, including a letter written by Rivera on June 27, 2024; award of damages and injunctive relief in the amount of at least $30,000,000; a jury trial on the remaining damages; and "any other relief that the Court deems just and proper," including referral of defense counsel to the appropriate state bar for discipline. *Id.* at 4–7.

On September 5, 2025, Rivera filed a notice of appeal from the Court's July 7, 2025 order dismissing his case and "all interlocutory and collateral orders merged into the final judgment." ECF No. 111. Rivera correctly noted that his Rule 59(e) motion remains pending and states that the notice of appeal was filed "to preserve appellate rights within

---

[2]     Rivera also summarily asserts that United States Magistrate Judge Shannon G. Elkins should be disqualified. ECF No. 104 at 1. But he develops no argument specifically about Judge Elkins nor points to any purported misconduct or bias. To the contrary, although Judge Elkins is the Magistrate Judge assigned to this case, all the orders and rulings Rivera complains of in his disqualification motion relate to orders and rulings made by this Court.

the time prescribed." *Id.* Rivera's notice of appeal was proper and does not strip this Court of jurisdiction to decide his Rule 59(e) motion. *Benson v. Kemske*, No. 17-cv-3839 (MJD/DTS), 2020 WL 5820492, at *1 (D. Minn. Sept. 30, 2020) ("Although Plaintiffs filed a notice of appeal after filing their Rule 59(e) motion, the Court retains jurisdiction to address Plaintiffs' Rule 59(e) motion.") (citing *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)).

## ANALYSIS

### I. Disqualification Motion

Because Rivera seeks this Court's disqualification, and because it would be improper for this Court to rule on Rivera's Rule 59(e) motion without first determining whether recusal is warranted, the Court will first consider Rivera's motion to disqualify.

Under 28 U.S.C. § 455(a), a judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." In assessing bias, the judge considers "whether [her] impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). "[W]hether disqualification is required in a particular case is committed to the sound discretion of the district judge." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). And because judges are presumptively impartial, Rivera "bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

As noted, Rivera cites six grounds for the Court's disqualification. *See* ECF No. 104 at 1–2. The Court addresses each in turn.

### A.    Appearance of Bias

Rivera first argues this Court is biased against him, as evidenced by this Court's alleged use of "sarcasm and judicial hostility." ECF No. 104 at 1. Rivera refers specifically to this Court's description of the filings submitted with his complaint as "mountains of exhibits" and of this lawsuit as Rivera's effort to find "another venue to air his grievances." ECF No. 105 at 1, 5. As an initial response, while some of this language was in reference to other judicial rulings and more casual and critical than is typical for this Court, no disrespect for Rivera or the integrity of the court's proceedings was intended. Certainly, the language is not evidence of bias. In fact, pointed language does not, by itself, indicate bias—particularly where such language is accurate. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (explaining that bias is not established by "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display"); *Cobell v. Kempthorne*, 455 F.3d 317, 333 (D.C. Cir. 2006) (explaining that recusal is not warranted by a district court's use of "harsh—even incendiary—language" representing "nothing more than the views of an experienced judge"). Indeed, the term "mountains of exhibits" has been used by numerous courts to describe the precise conduct Rivera exhibited here. *See, e.g.*, *Ostella v. Taitz*, No. SACV-11-00485AGRAOX, 2018 WL 6190598, at *1 (C.D. Cal. Oct. 5, 2018); *Drazin v. Horizon Blue Cross Blue Shield of N.J., Inc.*, 832 F. Supp. 2d 432, 445 n.20 (D.N.J. 2011); *Little v. Gray Media Grp., Inc.*,

7

No. 23-2394-DDC, 2025 WL 1825567, at *36 (D. Kan. July 2, 2025); *see also Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) (citation modified) ("Judges are not like pigs, hunting for truffles buried in briefs.").  And Rivera's efforts to raise the same issues in this action—his fourth different lawsuit in a third jurisdiction—can be reasonably described as an attempt to find the most favorable venue for adjudication of his claims, an act that this Court discourages.  *Am. Registry of Radiologic Technologists v. Bennett*, 655 F. Supp. 2d 944, 946 (D. Minn. 2009) (stating that "the Court will not countenance" forum shopping).

### B.    Procedural Inequality

Rivera also argues that the Court created procedural inequality when it denied all his post-complaint motions, ECF Nos. 47, 48, 61, 81, and 89, without commentary, while allegedly allowing Nestle to submit filings by "unadmitted" attorneys.  ECF No. 104 at 1.

As to his first point, the Court explicitly noted that it denied the motions as moot or meritless, ECF No. 92 at 12, but Rivera is correct that the Court did not expound on that rationale.  But the Court was not required to provide more.  *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion."). This is particularly true when the motions or arguments are vexatious or frivolous. *Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 672 (2d Cir. 2021).

Nevertheless, the Court will address the main theme of Rivera's post-complaint motions here.  In each, Rivera presented largely the same argument: that Nestle's answer was improper because it was filed by attorneys who were not admitted to the District of Minnesota.  *See generally* ECF Nos. 47–48 (asking this Court to strike Nestle's answer

because it was filed by a non-admitted attorney); ECF No. 81 (seeking sanctions against Nestle for the allegedly defective answer); ECF No. 89 (seeking default judgment against Nestle). But Rivera's argument was, and remains, factually incorrect. Nestle's answer was signed by a Minnesota-licensed attorney who was properly admitted to practice in the District of Minnesota at the time of the filing. ECF No. 31 at 13. The answer was therefore proper.

The answer was also signed by two Wisconsin-licensed attorneys, with the caveat "pro hac vice pending." *Id.* Both the Wisconsin attorneys thereafter filed motions for admission *pro hac vice* in accordance with Local Rule 83.5, and both motions were granted by the Court. ECF Nos. 37–40. That these motions were not granted before the answer was filed is irrelevant, and Rivera points to no rule suggesting otherwise. Local Rule 83.5(d) simply requires that "[a]n active member in good standing of this court's bar must appear in the case" and, after other attorneys are granted admission *pro hac vice*, that active member must only "participate in the preparation and presentation of the case to the extent directed by the client." Nestle's attorneys followed the Local Rules to the letter, which is why the Court denied Rivera's various motions. The Court's rulings, therefore, evidence no prejudice or bias.

### C.    Improper Commentary on Pending Cases

Rivera also asserts that the Court "improperly relied on and referenced" his "ongoing case in the Eastern District of Wisconsin" in violation of judicial canons of conduct. ECF No. 104 at 1–2. But in its order, the Court simply noted that Rivera had filed a complaint in the Eastern District of Wisconsin and that the case had been dismissed

on summary judgment.  ECF No. 92 at 4–5.  The order certainly did not "rely on" that summary judgment order in coming to its conclusion, and any reference to that order was simply made for properly contextualizing Rivera's litigation history prior to the filing of this complaint.  The court understands that the case has been fully briefed before the United States Court of Appeals for the Seventh Circuit.  *See generally Rivera v. Nestle USA, Inc.*, No. 25-1338 (7th Cir. Ct. App. 2025) (noting that Rivera's final reply brief was filed May 8, 2025).  Of course, courts "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

### D.    Improper Acceptance of Defense Rhetoric

Rivera next argues that the Court improperly adopted defense counsel's "talking points . . . without evidentiary hearing or factual analysis."  ECF No. 104 at 2.  But not once did the Court reference any of the statements Rivera believes the Court to have adopted and ultimately dismissed his complaint for its legal shortcomings, not because defense counsel purportedly diminished his litigation efforts.

### E.    Failure To Apply Liberal Standards

Rivera argues that this Court failed to apply a liberal pleading standard by: (1) refusing to "analyze Rivera's exhibits for factual claims"; and (2) dismissing his ERISA claim "even though [Rivera] requested discovery to confirm the existence of" an ERISA plan.  ECF No. 105 at 8.

The first allegation is flatly rebutted by this Court's order, which noted that the Court was only able to determine the factual background for Rivera's claims by reviewing and citing to his "various responsive filings and pleadings."  ECF No. 92 at 2 n.1.  Indeed, it is

10

only through the careful review of Rivera's complaint alongside his exhibits and various filings that the Court was able to discern, for instance, even the very basic fact that he had worked for Nestle. *See generally* ECF No. 1. The Court not only did, but was required to, venture beyond the four corners of the complaint to assess Rivera's claims. In addition, Rivera also misapprehends the liberal pleading standard for pro se litigants. Courts liberally construe pro se complaints because pro se litigants cannot reasonably be expected to plead in the same manner as trained attorneys. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."). But courts are not required to "comb through" exhibits "to discern a federal cause of action" on behalf of a pro se litigant. *Brown v. Lucas*, No. 23-cv-1464 (WMW/LIB), 2023 WL 3737105, at *1 n.1 (D. Minn. May 31, 2023) (citing *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004)).

The second allegation—that the Court should have allowed Rivera discovery even though he did not plead a plausible ERISA claim—is legally incorrect. No plaintiff, even one acting pro se, is "entitled to discovery before a motion to dismiss." *Triemert v. Washington County*, No. 13-cv-1312 (PJS/JSM), 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) (citation omitted). A "plaintiff's expression of the hope that, if he were allowed to take discovery, something might turn up that would support one of his claims is not a sufficient basis for overcoming a motion to dismiss." *Id.* Consequently, "*before any*

litigant (including a pro se litigant) is entitled to take discovery, the plaintiff must first plead a plausible claim for relief." *Id.* (emphasis in original).

Contrary to Rivera's assertions, the Court treated Rivera's complaint to the exact same review it provides any pro se litigant. That the complaint nevertheless failed to state a claim upon which relief might be granted does not suggest otherwise.

### F.    Delay and Inaction

Finally, Rivera asserts that the Court unnecessarily delayed ruling on the Defendants' dispositive motions and his post-complaint motions. ECF No. 104 at 2. Rivera asserts that judges are required to "dispose of all judicial matters promptly, efficiently, and fairly" but only after "careful review, reasoned adjudication, and timely action." ECF No. 105 at 14–15.

Here, the last relevant motion was filed on March 18, 2025, ECF No. 94, and the Court issued its order dismissing Rivera's complaint and pending motions on July 7, 2025, ECF No. 92. This amount of time was reasonable because, as Rivera acknowledges, a thorough review of the issues in this case required much more than simply considering the allegations in his complaint against the Defendants' motions to dismiss. As Rivera now advocates, in fact, the Court had to and did conduct a review of all 365 pages of exhibits attached to his complaint, as well as the hundreds of pages submitted with his various other post-complaint motions. That process takes time, particularly when the complaint itself contained little in the way of legal argument or factual allegations but instead referred the Court to attached exhibits. This required the Court in many ways to fashion Rivera's legal arguments for him. That the thorough review took longer than Rivera might have desired

does not create the appearance of bias or prejudice. *West v. United States*, 994 F.2d 510, 512 (8th Cir. 1993) (noting that even though a two-year delay was "unfortunate," it did not "evidence bias"); *Perkins v. Daniels*, No. 19-cv-2663 (SRN/ECW), 2021 WL 769451, at *4 (D. Minn. Feb. 4, 2021), *report and recommendation adopted*, No. 19-cv-2663 (SRN/ECW), 2021 WL 766705 (D. Minn. Feb. 26, 2021) (collecting cases for the proposition that "the length of time the Court takes to rule on a motion is not a basis for recusal").

In short, none of Rivera's arguments call into question the Court's impartiality.[3] Rivera's recusal motion is denied.

## II.    Motion To Alter or Amend the Judgment

Turning now to Rivera's Rule 59(e) motion, the Court notes that Rivera identifies at least 31 alleged errors. *See generally* ECF No. 95 at 1–25.

Rule 59(e) allows a court "to rectify its own mistakes in the period immediately following the entry of judgment." *Williamson v. Stange*, No. 1:22-cv-117 JAR, 2022 WL 13818675, at *2 (E.D. Mo. Oct. 24, 2022) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). But Rule 59(e) motions are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted). Rule 59(e) motions

---

[3]    Rivera also variously argues that this Court's legal rulings show purported bias. These arguments are largely duplicative of the legal arguments he makes in his Rule 59(e) motion. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. To the extent Rivera argues that the purported legal errors in this Court's dismissal order require this Court's recusal, that is wrong.

"cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citation omitted). And Rule 59(e) "is not a vehicle to repeat arguments previously made to and rejected by the Court." *Benson v. Kemske*, No. 17-cv-3839 (MJD/DTS), 2021 WL 323954, at *2 (D. Minn. Feb. 1, 2021) (citing *Voss v. Hous. Auth. of Magnolia*, 917 F.3d 618, 626 n.6 (8th Cir. 2019)).

The Court dismissed Rivera's ERISA claim because he did not allege the existence of an ERISA-governed plan, ECF No. 92 at 7–9, and dismissed his Title VII and ADA claims for improper venue under 42 U.S.C. § 2000e-5(f)(3), *id.* at 9–12. It follows, therefore, that only objections related to those issues are relevant here. But Rivera merely reiterates the arguments he raised in response to Defendants' motions to dismiss, ECF No. 95 at 3–4—arguments that the Court has previously reviewed and found meritless in dismissing his case. The Court need not consider those arguments again. *Benson*, 2021 WL 323954, at *2.

The bulk of the remainder of Rivera's Rule 59(e) motion raises issues that are not relevant to the complaint's basic procedural shortcomings or asserts issues that are flatly incorrect. For example, Rivera asserts that he presented "spoliation" evidence relevant to Defendants' allegedly discriminatory conduct. ECF No. 95 at 8. But the Court did not reach the merits of his discrimination claims, instead dismissing them for lack of venue. Rivera also asserts that he was entitled to a hearing on the motions. *Id.* at 10. But under this District's Local Rules, the decision whether to hold a hearing for a dispositive motion is firmly within the discretion of the Court. D. Minn. L.R. 7.1(c)(5). Finally, Rivera argues

14

that the Court improperly denied a default judgment motion he filed on January 6, 2025, in which he asserted that ACE's answer was untimely.  ECF No. 95 at 7.  But ACE's answer was not untimely, so the Court denied the motion and attempted to explain why ACE had timely answered.  ECF No. 34 at 1.

In short, Rivera's arguments for Rule 59(e) relief seek to litigate issues he presented or could have presented earlier, to present legally meritless and irrelevant positions, or to provide arguments that are factually unsupported or incorrect.  The motion is therefore denied.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Rivera's Motion to Disqualify (ECF No. 104) is **DENIED**; and

2.     Rivera's Rule 59(e) Motion to Alter or Amend the Judgment (ECF No. 94) is **DENIED**.

Dated: September 19, 2025                    *s/Laura M. Provinzino*
                                             Laura M. Provinzino
                                             United States District Judge

15