# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

EZEQUIEL RIVERA, JR.,

               Plaintiff,

v.

SEDGWICK CLAIMS
MANAGEMENT SERVICES,
ACE FIRE UNDERWRITERS
INSURANCE COMPANY, and
NESTLE USA INC.,

               Defendants.

Case No. 24-cv-3247 (LMP/SGE)

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Ezequiel Rivera, Jr., pro se Plaintiff.

Mack H. Reed, **Lewis Brisbois Bisgaard & Smith LLP, Minneapolis, MN**, for Defendant Sedgwick Claims Management Services.

Amanda E. Becker and Joel T. Wiegert, **Hinshaw & Culbertson LLP, Minneapolis, MN**, for Defendant Ace Fire Underwriters Insurance Company.

Jennifer A. Nodes, **Jackson Lewis, P.C., Minneapolis, MN**, and Michaela Utrup and Tony H. McGrath, **Jackson Lewis P.C., Madison, WI**, for Defendant Nestle USA Inc.

On July 7, 2025, the Court dismissed Plaintiff Ezequiel Rivera's complaint without prejudice. *See generally* ECF No. 92. Rivera thereafter moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), ECF No. 94, and moved to disqualify this Court pursuant to 28 U.S.C. § 455(a), ECF No. 104. The Court denied both motions on September 19, 2025. ECF No. 117. Prior to the Court's September 19 order, Rivera filed a notice of appeal seeking to challenge the Court's dismissal order. ECF

No. 111.    That appeal remains pending.    *See generally Rivera v. Sedgwick Claims Management, et al.*, No. 25-2773 (8th Cir.).

Rivera now moves the Court for relief from judgment under Federal Rule of Civil Procedure 60(b).    ECF No. 118.    Defendants Nestle USA Inc. ("Nestle"), ACE Fire Underwriters Insurance Company ("ACE") and Sedgwick Claims Management Services ("Sedgwick") (collectively "Defendants"), all responded.    ECF Nos. 123–25.    Rivera replied to Defendants' responses.    ECF No. 128.    The relief Rivera is seeking has now been fully briefed.    For the reasons that follow, Rivera is not entitled to relief under Rule 60(b), and the Court denies the motion.

## BACKGROUND

The Court has detailed the factual background underlying Rivera's complaint extensively, *see* ECF No. 92 at 2–6; ECF No. 117 at 1–6, and incorporates that background here.    As it relates to the present motion, the Court notes that Rivera's August 12, 2024 complaint accused Defendants of conspiring to deny him benefits after he was injured while working for Nestle.    *See generally* ECF No. 1 at 1–7.    Rivera brought claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et. seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*  ECF No. 1 at 6–7.

In dismissing Rivera's complaint without prejudice, the Court first held that Rivera did not state a plausible ERISA claim because he did not allege that he was "covered by an employee benefit plan" sufficient to bring him within ERISA's protections.    ECF No. 92 at 8–9.    The Court then held that the District of Minnesota was not a proper venue for

2

Rivera's Title VII and ADA claims pursuant to 42 U.S.C. § 2000e-5(f)(3), and that venue was proper in one of Wisconsin's federal districts. *Id.* at 10. The Court then chose to dismiss Rivera's complaint without prejudice instead of transferring the case to the Eastern District of Wisconsin because Rivera had already filed two federal lawsuits there challenging the very subject matter he challenged in this action. *Id.* at 11–12. Notably, Rivera never asked the Court to transfer his case; instead, he argued that Minnesota was the proper venue for this action. ECF No. 29 at 4–6.

On February 11, 2026, Rivera filed this Rule 60(b) motion. ECF No. 118. Relevant here, Rule 60(b) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of several enumerated factors, including: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(2, 6). Rivera asserts that he is entitled to relief under Rule 60(b)(2) or 60(b)(6) because on July 15, 2025, the Wisconsin Labor and Industry Review Commission (the "WLIRC") awarded Rivera $18,737.95 in wrongfully withheld disability benefits. ECF No. 119 at 1; *see also* ECF No. 122-1. Rivera argues that the WLIRC decision is "newly discovered evidence" that helps support the federal claims he asserts in this action, and he asks the Court to either: (1) allow him to file an amended complaint

3

incorporating the new evidence; or (2) transfer his complaint to a federal district court in Wisconsin.  ECF No. 119 at 2.[1]

## ANALYSIS

Rule 60(b) is to be given "a liberal construction so as to do substantial justice and to prevent the judgment from becoming a vehicle of injustice." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (citation omitted) (internal quotation marks omitted).  The relief provided under Rule 60(b) is "extraordinary," however, and "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citation omitted).  District courts have "wide discretion" in ruling on Rule 60(b) motions.  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

Rivera is not entitled to relief under Rule 60(b)(2) because the newly discovered evidence he relies on, namely the WLIRC decision, was not in existence at the time judgment was entered.  *Scheffler v. Minn. Dep't of Hum. Servs.*, No. 14-cv-2946 (JNE/SER), 2015 WL 4715530, at *1 (D. Minn. Aug. 7, 2015) (quoting *Swope v. Siegel–Robert, Inc.*, 243 F.3d 486, 498 (8th Cir. 2001)) (Rule 60(b) "'permits consideration only of facts which were in existence at the time of trial' but which were not available to the

---

[1] Rivera also repeatedly asserts that the Court cannot rule on his Rule 60(b) motion because of the pending appeal but that the Court should nevertheless give an "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1.  ECF No. 119 at 2.  Rivera is incorrect, though, that the Court cannot rule on the Rule 60(b) motion.  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("Our case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court.").  Therefore, the Court need not delve into Rule 62.1 as it can rule on the Rule 60(b) motion before it.

movant despite his exercise of due diligence.").  Rivera appears to acknowledge this point. ECF No. 128 at 3.

As to Rule 60(b)(6), Rivera asserts that the WLIRC "changed the equity landscape," and he alleges that his ADA and Title VII retaliation theories are now "plausible and non-speculative."  ECF No. 128 at 4.  Indeed, Rivera's argument largely is that his retaliation claims have more merit now and that he should be given a chance to replead his claim.  *Id.* at 4–14; ECF No. 119 at 4.  The Court disagrees that the WLIRC justifies the "extraordinary relief" of Rule 60(b)(6) because the WLIRC decision has no impact on the Court's decision to dismiss the case.

Regarding Rivera's ERISA claim, the WLIRC opinion does not alter the Court's conclusion that Rivera did not adequately plead the existence of an ERISA-eligible plan. The WLIRC decision considered only whether Rivera "reach[ed] an end of healing for his knee injury on April 29, 2024, such that he is not entitled to temporary total disability benefits from that date until his second surgery on August 15, 2024."  ECF No. 122-1 at 11. It says nothing about whether Rivera was covered by an "employee benefit plan" governed by ERISA.  ECF No. 92 at 8.  It therefore has no effect on the ERISA pleading deficiencies in Rivera's complaint, and Rivera makes no real argument to the contrary.  ECF No. 119 at 4 (Rivera acknowledging that he might simply amend his complaint to drop the ERISA claim entirely).

That leaves Rivera's argument that the WLIRC decision supports the merits of his retaliation claims.  Notably, the Court did not dismiss Rivera's claims because they lacked merit; the Court dismissed those claims because they were not properly brought in this

District.  ECF No. 92 at 9–12; ECF No. 128 at 2.  The Court then decided that transfer to the proper district was not in the interests of justice because "Rivera has already filed not one but two federal lawsuits in the Eastern District of Wisconsin" concerning the same subject matter, and both had been dismissed.  ECF No. 92 at 12.  Rivera, to his credit, acknowledges all of this.  *See, e.g.*, ECF No. 119 at 5.  But he argues that the WLIRC decision makes his retaliation claims stronger and that the Court should reopen the case and transfer it to a proper venue—the Eastern District of Wisconsin—instead of dismissing it.  *Id.*  Rivera, essentially, asserts that the WLIRC decision undercuts the Court's conclusion that it made little sense to transfer his case to a district where it would likely be dismissed.

But there's one problem that Rivera omits: he already presented this argument in the very district to which he seeks transfer.  On February 11, 2025, a court in the Eastern District of Wisconsin dismissed one of Rivera's lawsuits on summary judgment.  *Rivera v. Nestle USA Inc.*, No. 23-cv-1431, 2025 WL 578480, at *1 (E.D. Wis. Feb. 21, 2025).  Notably, in that case, Rivera brought similar Title VII claims of "a hostile work environment, unlawful pay and promotion practices, retaliation, and unlawful termination."  *Id.*  The Seventh Circuit affirmed that order.  *Rivera v. Nestle USA, Inc.*, 2025 WL 3124839, at *2 (7th Cir. Nov. 7, 2025).

Then, on February 9, 2026, Rivera brought a Rule 60(b) motion for relief from judgment in the Eastern District of Wisconsin in which he asserted, as he does here, that the WLIRC decision "bear[s] directly on retaliation, pretext, and credibility" and "materially strengthens" his claims.  *Rivera v. Nestle USA Inc.*, No. 23-cv-1431, ECF

6

No. 156 at 1 (E.D. Wis. filed Feb. 9, 2026).  The court denied Rivera's motion because "[n]one of the evidence or arguments Plaintiff presents in his motion changes the court's conclusion." *Id.*, ECF No. 158 at 2 (E.D. Wis. Feb. 10, 2026).  On the very next day, Rivera brought his Rule 60(b) motion here, making the same argument.  ECF No. 118.  As a result, the Court does not believe, as Rivera asserts, that the WLIRC decision upends the Court's earlier conclusion that transfer to the Eastern District of Wisconsin is unnecessary, because it remains true that transferring the case would end with the same result: dismissal.

### ORDER

In short, none of Rivera's arguments merit relief under Rule 60(b).  This case is therefore over.  Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Rivera's Rule 60(b) Motion for Relief from Judgment (ECF No. 118) is **DENIED**.

Dated: March 20, 2026                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge

7