**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

EZEQUIEL RIVERA, JR.,

Case No. 24-cv-3247 (LMP/SGE)

Plaintiff,

v.

SEDGWICK CLAIMS
MANAGEMENT SERVICES,
ACE FIRE UNDERWRITERS
INSURANCE COMPANY, and
NESTLE USA INC.,

**ORDER DENYING PLAINTIFF'S
APPLICATION TO PROCEED IFP
ON APPEAL**

Defendants.

On July 7, 2025, the Court dismissed Plaintiff Ezequiel Rivera's complaint without prejudice. *See generally* ECF No. 92. Rivera thereafter moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), ECF No. 94, and moved to disqualify this Court pursuant to 28 U.S.C. § 455(a), ECF No. 104. The Court denied both motions on September 19, 2025. ECF No. 117. Prior to the Court's September 19 order, Rivera filed a notice of appeal seeking to challenge the Court's dismissal order. ECF No. 111. That appeal is now fully briefed and pending a decision from the U.S. Court of Appeals for the Eighth Circuit. *See generally Rivera v. Sedgwick Claims Management, et al.*, No. 25-2773 (8th Cir.).

On February 11, 2026, Rivera moved the Court for relief from judgment under Federal Rule of Civil Procedure 60(b). ECF No. 118. The crux of Rivera's argument was that a decision from a Wisconsin state administrative body—issued after the Court's July 7,

2025 order dismissing Rivera's complaint—would bolster his complaint and the Court should allow him to file an amended complaint or should allow him to reopen the case for the sole purpose of transferring it to a federal district court in Wisconsin. ECF No. 119 at 2. On March 20, 2026, the Court denied Rivera's Rule 60(b) motion because the Wisconsin state decision was neither newly discovered evidence nor relevant to the reasons the Court dismissed his complaint. ECF No. 129 at 4–6.

Rivera then filed a second notice of appeal and an application to proceed *in forma pauperis* ("IFP") on appeal on March 24, 2026. ECF Nos. 131, 132. Neither filing provided any grounds for the appeal beyond stating that Rivera appeals the Court's Rule 60(b) order "in its entirety." ECF No. 131 at 1. All three Defendants filed a joint response and asked the Court to deny the IFP application because the appeal is frivolous. ECF No. 133. Rivera filed a reply, in which he asserted that his appeal "presents an arguable basis for review" and is not frivolous; but he provides no specific grounds for his appeal. ECF No. 135 (referring to Rivera's earlier notice expressly stating that "Plaintiff appeals the March 20, 2026 order in its entirety").

Under Federal Rule of Appellate Procedure 24, a litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF),

2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Rivera's notice of appeal, motion to proceed IFP on appeal, and reply provide no actual grounds for the appeal, which by itself provides grounds to deny the motion. *Lopez v. Amazon.com Servs., LLC*, No. 23-cv-006 (JRT/DLM), 2023 WL 5000260, at *1 (D. Minn. Aug. 4, 2023) ("Without an explanation of the issues to be appealed, the Court is unable to determine whether the appeal is taken in good faith, as required by statute."). And the Court can otherwise discern no basis for Rivera's appeal that is not "factually or legally frivolous." *Smith*, 2024 WL 2818335, at *1. As the Court explained in its order denying Rivera's Rule 60(b) motion, the evidence Rivera submitted in support of his motion, which post-dates the July 7, 2025 judgment, simply has no relevance to the reasons the Court dismissed his complaint in the first place. *See generally* ECF No. 129. Rivera therefore provides no grounds for the extraordinary relief from judgment he seeks. Accordingly, the Court denies Rivera's application to proceed IFP on appeal (ECF No. 132).

Dated: April 7, 2026                                  *s/Laura M. Provinzino*
                                                      Laura M. Provinzino
                                                      United States District Judge

3